IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEIGH TRIMALDI, individually and on
behalf of all other similarly situated individuals;

    Plaintiffs,

vs.                                                                          CASE NO.:

AVON PRODUCTS, INC., NEW AVON,
LLC, CERBERUS CAPITAL MANAGEMENT,
L.P., and DOES 1 through 10,

    Defendants.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, **LEIGH TRIMALDI**, individually and on behalf of all others similarly situated, through counsel, **THE ORLANDO LAW FIRM,** brings this action in her individual capacity and on behalf of the persons similarly situated, as defined below, and for her Complaint alleges, pursuant to her own knowledge, or where there is no personal knowledge, upon the investigation of the above stated counsel and/or upon information and belief, to wit:

## NATURE OF CASE

1. This action seeks to recover back pay and benefits under 29 U.S.C. § 2101 *et seq.* (the "WARN Act") to redress the conduct by Defendants Avon Products, Inc., New Avon, LLC, and Cerberus Capital Management, L.P. (collectively hereafter "Defendants" or "Avon"), that terminated more than nine hundred fifty (950) employees without proper legal notice as part of a mass layoffs between January 21, 2017 and June 30, 2017 in Orlando, Florida and Defendants' other sites.

2. Defendants' mass layoff deprived hundreds of fired "workers and their families with some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs

and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." (20 C.F.R. § 639.1(a).)

3. Defendants failed to provide these terminated employees with the sixty (60) days advance written notice that is required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the WARN Act, 29 U.S.C. §§ 2102, *et. seq.* 2104(a)(5) and in that the actions as alleged herein occurred in Orlando and in other cities within the Middle District of Florida.

5. Venue over this matter is appropriate in this Court pursuant to 29 U.S.C. § 2104(a)(5) because the acts constituting the violation of the WARN Act occurred, and the claims arose in this district, and specifically Orlando and other cities in the District.

6. Venue is also proper under 28 U.S.C. §1391(a) and (b). The acts complained of occurred in the Orlando, in the State of Florida, and at all relevant times, material hereto, Defendants maintained offices in this district, conducted business in this district, and a substantial part of the events or omissions giving rise to this action occurred in this judicial district, that is the Middle District of Florida.

## PARTIES

*Plaintiff*

7. Plaintiff, Leigh Trimaldi, is and was at all relevant times hereto, a resident of Palm Beach county, Florida, *sui juris*, and a full-time employee of Avon Products, Inc. and New Avon, LLC at the time she was terminated on February 24, 2017. Plaintiff began working for Defendants in or about 2011, doing so in the Orlando metropolitan area. As an employee of Defendants Plaintiff, in addition to other substantial employee benefits, earned regular compensation and was damaged by Defendants' violations of the WARN Act.

8. The individual plaintiff, Leigh Trimaldi, identified in the above paragraph will be known hereinafter as "Plaintiff."

*Defendants*

9. Defendants are major manufacturers and sellers of direct-sell beauty, household, and personal care products. Avon's product portfolio includes award-winning skincare, color cosmetics, fragrance and personal care products, featuring iconic brands such as Anew, Avon Color, mark., and Skin So Soft, as well as fashion and accessories. In 2016, the total revenue from reportable segments was $5.7 billion.

10. Defendant Avon Products, Inc. ("Avon Products") was founded in 1886 and is the leading social selling beauty company in North America and second largest direct sell enterprise in the world. Avon Products is headquartered in New York, New York.

11. In March of 2016, Avon Products separated its North American business into a privately held company operating as Defendant New Avon LLC (" New Avon"). New Avon is a private company, majority owned by Cerberus Capital Management. New Avon is headquartered in New York, New York.

12. Defendant Cerberus Capital Management ("Cerberus") is an American private equity firm specializing in "distressed investing". The firm is based in New York City, New York.

13. Plaintiffs are unaware of the true names and capacities, whether individual, corporate or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that they are in some manner, individually or collectively, responsible for the events, happenings and damages alleged herein, and accordingly sue said Defendants under fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities have been ascertained.

14. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every defendant, whether actually or fictitiously named herein, was the principal, agent, servant, employee, and/or representative of each other defendant, and in doing the acts alleged herein, was acting within the scope and course of their respective service, employment, agency,

and/or representation and with the permission and consent of each other defendant. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants. Plaintiffs are further informed, believe, and thereon allege that Defendants acted as a "single employer" at all relevant times alleged herein.

## FACTS

15. At all times relevant and material hereto, all Plaintiffs and class members were either full time employees of Defendants, or they were temporary employees, other than part-time employees, and are to be counted in determining that the threshold requirements of the WARN Act are met.

16. In the time prescribed by the Act, Defendants permanently terminated the affected employees.

17. Specifically, on January 21, 2017, Defendants terminated approximately 140 employees. Thereafter, on February 24, 2017, Defendants terminated additional employees, including Plaintiff. Finally, on June 30, 2017, Defendants terminated hundreds of additional employees. Such mass terminations resulted employment loss at the facility for at least 33 percent of the employees (excluding part-time employees).

18. Plaintiffs and the members of the Plaintiff class were not provided with notice of such terminations sixty (60) days in advance thereof.

19. Further, more than 50 employment losses occurred during a single 30-day period.

20. The statutory period under the WARN Act began on November 21, 2016 which is sixty (60) calendar days before the first employment losses began on January 21, 2017.

21. Upon information and belief, Defendants knew that the terminations were anticipated, but failed to provide employees, State and Local authority with advance notice as required under the WARN Act.

22. By failing to disclose their true intentions to make mass layoffs in advance, Defendants deceived their employees from looking for other work and/or making contingent plans while Defendants continued to operate unabated.

23. As a result of Defendants' discontinuance of service of employees without notice, hundreds of jobs in the South Florida Area have been lost.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (3) and the WARN Act (29 U.S.C. §2104(a)(5)).

25. Plaintiff brings this action for herself and on behalf of a class of all similarly situated employees. The "Class" or "Class Members" Plaintiffs seek to certify are defined as:

> All employees of Defendants who were subject to a mass layoff ordered by Defendants in 2017. Excluded from the Class are any part time employees.

26. Excluded from the Class are Defendants and the legal representatives, heirs, successors and assigns of any excluded person and members of the federal judiciary.

27. Upon information and belief, Plaintiff estimates that the class comprises at least nine hundred fifty (950) Class Members and the Class is so numerous that joinder of all Class Members is impracticable. The members of the class can be identified and located using information contained in the Defendants' human resources records.

28. There are common questions of law and/or fact common to the class that predominate over any questions affecting only individual Class Members. The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Plaintiff and Class Members are "affected employees" as used in the Act;

c. Whether Defendants' employee terminations on January 21, 2017, February 24, 2017, and June 30, 2017 constitute a "termination" and/or "mass layoff" under the WARN Act;

   d. Whether Defendants failed to provide the notices required by the WARN Act (29 U.S.C. §2102(b));

   e. Whether Defendants can avail themselves of any of the provisions of the WARN Act which permit lesser periods of notice;

   f. The appropriate formulae to measure damages under the WARN Act (29 U.S.C. §2104(a)(2)); and

   g. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. §2104(a)(2)).

29. Plaintiff's claims are typical of those of the Class Members. Plaintiff and Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the Class Members are based on the same legal theories and questions of law and fact pursuant to the WARN Act.

30. Plaintiff will fairly and adequately protect the interests of the class Plaintiff represents. Plaintiff's interests do not conflict with the interests of the class, and the Plaintiff intends on prosecuting this action vigorously.

31. Plaintiff has retained experienced counsel qualified in class litigation and counsel are competent to assert the interests of the class.

32. The unlawful acts of Defendants, as alleged herein, constitute a course of conduct common to Plaintiffs and each Class Member. Prosecution of separate actions by individual Class Members would create a risk of inconsistent of varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the individual Class Members to protect their interests.

33. Upon information and belief, Defendants, and each of them, have acted or refused to act on grounds generally applicable to the Class.

34. Questions of law and/or common to the Class Members, including the issues identified above, predominate over questions affecting only individual Class Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated individuals to simultaneously pursue their common claims in a single forum in an efficient manner, without unnecessary duplication of effort and expense that would be required if numerous individual actions were pursued. However, the affected employees must opt-in to this litigation so that his or her right to damages can be determined and quantum of damages can be calculated by the court.

## COUNT 1
## Violations of the United States Worker Adjustment and Retraining Notification Act

35. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

36. At all times material herein, Plaintiff, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the WARN Act, 29 U.S.C. §2101 et seq. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

37. At all times relevant, Defendants were, and are, individually and collectively a business enterprise that employs more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime and/or employs more than 100 employees excluding part-time employees.

38. At all times relevant, Defendants were "employers" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639 (a) and continue to operate as a business.

39. Defendants constituted a "single employer" of Plaintiffs and proposed Class Members.

40. On or about January 21, 2017, February 24, 2017, and June 30, 2017, Defendants ordered a "mass layoff" and/or closing of the facilities, as that term is defined in 29 U.S.C. § 2101(a)(2).

41. The mass layoff resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(1) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at each of the facilities, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

42. Plaintiffs and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonable foreseeable result of the mass layoff and/or plant closing ordered by Defendants.

43. Plaintiffs and other Class Members are "affected employees" of Defendants within the meaning of 29 U.S.C. § 2101(a)(5).

44. Defendants willfully violated the WARN Act by failing to provide the required notice.

45. Section 2103 of the WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §2103(1)-(2). None of the WARN Act exemptions apply to Defendants' failure to provide required notice to Plaintiffs and Class Members. Accordingly, Plaintiffs and Class Members must receive the notice and back pay required by the WARN Act.

46. Plaintiff and Class Members have been damaged by Defendants' conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation. Defendants have not acted in good faith nor with reasonable grounds to believe that their acts and omissions were not a violation of the WARN Act.

47. Defendants did not announce their operational restructuring until after they began mass layoffs of their employees.

48. Notice was required to be received, not merely given, sixty (60) calendar days before separation, and although most employees received their notice, they in some cases were given a matter of hours and in others thirty (30) days to gather their personal belongings, which is a further violation of the Act.

49. Defendants knew or should have known that their own conduct was the cause of the actual change in business circumstance, as evidenced by their public statements, and were thus foreseeable.

50. Defendants cannot allege in good faith that the terminations were unforeseeable due to business circumstances as the circumstances were a) not unexpected conditions outside the employers' control and therefore, b) not sudden or dramatic but in part because of their very own actions which they knew of long before the terminations.

51. Defendants had plenty of advance opportunity to provide notice to Plaintiff and Members of the Class of the potential for mass layoffs and/or terminations, and instead willfully chose to remain silent in violation of the WARN Act.

52. None of the affected employees were provided with sufficient advance written notice or in the alternative appropriate pay and benefits due under the WARN Act.

53. Some of the affected employees were constructively discharged by Defendants.

54. Defendants were aware of their liability under the WARN Act notice and payment requirements and wrongfully and knowingly failed to provide notice as required for their own economic gain.

55. Business circumstances do not absolve the Defendants of liability under the Act.

56. Each Plaintiff is entitled to the amount of back pay and benefits for the period of the violation of the Act by Defendants.

57. Plaintiff has been required to retain counsel in this matter to protect Plaintiff's rights and has incurred attorneys' fees and costs in this matter.  Thus, Defendants are also liable to Plaintiffs for their reasonable attorney fees under 29 U.S.C. § 2104.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands judgment against Defendants and an Order providing for:

A. Certification of the Class pursuant to Rule 23 of the Federal Rule of Civil Procedure, certifying Plaintiff as representative of the Class and designating her counsel of record as counsel for the Class;

B. Finding that Defendants have violated the WARN Act and therefore holding Defendants liable to Plaintiff and the Class in an amount to be determined;

C. Compensatory damages in an amount equal to at least the amounts provided by the WARN Act (29 U.S.C. §2104(a));

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, all accrued paid time off, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C.A. §2104(a)(1)(A), all unreimbursed expenses advanced by Plaintiffs and Class Members, including any civil penalties;

E. Reasonable attorney fees and costs;

F. Pre-judgment interest as may be determined by statute and rule;

G. Leave to amend this complaint to add state law claims should it prove necessary; and

Such other and further relief as the Court may deem necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a trial by jury of all issues so triable.

Dated: April 25, 2018.  Respectfully submitted,
**THE ORLANDO FIRM, P.C.**

By: /s/ O. Mark Zamora
O. MARK ZAMORA **OF COUNSEL**

   Attorneys for Plaintiff
FBN: 832987
4755 Central Avenue
St. Petersburg, FL 33713
813.501.7675
spcombs@flalaw.pro
mark@markzomara.com